Filed 4/2/25  Vargas v. Rodriguez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| REGINA VARGAS,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>JONATTAN VARGAS RODRIGUEZ,<br><br>Defendant and Respondent. | D083838<br><br><br>(Super. Ct. No. 22FL009055S) |

APPEAL from an order of the Superior Court of San Diego County, James T. Atkins, Commissioner.  Affirmed.

Regina Vargas in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.


In this marriage dissolution proceeding, Regina Vargas, who is representing herself, appeals from the trial court's order denying a request that her former husband, Jonattan Vargas Rodriguez, be ordered to reimburse her for costs of the storage units that she rented around the date of their separation.

As we will explain, Regina[1] has not carried her burden to establish that the trial court abused its discretion. Accordingly, we affirm the trial court's order.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A judgment of dissolution was entered, effective January 3, 2024, in the marriage of Regina and Jonattan. The trial court reserved jurisdiction over Regina's request for reimbursement of costs she incurred in renting storage units.

On January 23, 2024, the trial court issued an ex parte minute order that ruled on the reserved issue regarding the storage unit costs. The trial court ruled as follows:

> "The trial of this matter was held January 3, 2024. Both parties were present in court and self-represented. The court heard testimony and argument regarding . . . [Regina's] request for reimbursements for storage costs . . . . [Regina's] request regarding storage unit costs were submitted for written decision.

> "[Regina] testified that the parties were evicted from their home as a result of domestic abuse perpetrated by [Jonattan] against [Regina]. The eviction date is contemporaneous with the parties' date of separation. As a result of the eviction, [Regina] rented storage units from Extra Storage and Store America to store the parties' personal property in which the parties may have a separate property and/or community property interest. [Regina] rented the storage units at or about the date of separation and eviction. There is no evidence of any agreement by the parties to rent the storage units. Upon inquiry, [Jonattan] testified that [Jonattan] seeks to recover only two suitcases containing [Jonattan's] personal clothing. . . .

---

[1] To avoid confusion, we refer to the parties by their first names, and we intend no disrespect by doing so.

"Findings and Orders:

"The court considers [Regina's] request to fall under Family Code [section] 2626 (reimbursement of separate funds used for a community purpose after separation).  The court finds the evidence submitted is insufficient to support [Regina's] claim. Therefore the claim for reimbursement is denied."

Regina filed a notice of appeal from the trial court's January 23, 2024 order denying her request for reimbursement of the storage unit costs. Jonattan has not appeared in this appeal.

## II.

## DISCUSSION

In her appellate brief, Regina asks that we reverse the trial court's order denying her request for reimbursement of the storage unit costs.  In her brief, Regina reviews the relevant facts and the legal proceedings.  She states, "I feel that [Jonattan] should pay all or at least half of the storage bill."  According to Regina, Jonattan was "the primary cause of the problem" leading to the rental of the storage unit because she and Jonattan had to quickly vacate their rental property after Jonattan assaulted their landlord and the police were called.  Regina argues that Jonattan "should share in all if not part of the monetary debt, which was created during the marriage by his own behavior."

As the trial court explained, Regina's request for reimbursement was made under Family Code section 2626.  That provision gives the trial court "jurisdiction to order reimbursement in cases it deems appropriate for debts paid after separation but before trial."  (Fam. Code, § 2626.)  Further, "[u]nder the ruling of *In re Marriage of Epstein* (1979) 24 Cal.3d 76, 84–85 . . . , a spouse who uses separate property funds after the date of separation to pay community debts is entitled to reimbursement out of the community property at dissolution absent circumstances that would make

3

reimbursement inappropriate." (*In re Marriage of Oliverez* (2019) 33 Cal.App.5th 298, 302, fn. 1 (*Oliverez*).) " ' "Where, as here, the trial court is vested with discretionary powers, we review its ruling for an abuse of discretion. [Citation.] As long as the court exercised its discretion along legal lines, its decision will be affirmed on appeal if there is substantial evidence to support it." ' " (*Id.* at pp. 318–319.)

Regina has not identified any manner in which the trial court failed to "exercise[] its discretion along legal lines." (*Oliverez, supra,* 33 Cal.App.5th at pp. 318–319.) The trial court's January 23, 2024 order made the factual finding that there was "no evidence of any agreement by the parties to rent the storage units," and it explained that Jonattan sought to recover only two suitcases containing his personal clothing. Based on those facts, the trial court was within its discretion to conclude that reimbursement was inappropriate. Specifically, if Jonattan did not agree to the rental of the storage units and did not claim ownership of any large items that were required to be held in a storage unit, the trial court could reasonably conclude either that (1) the storage unit costs were not a community debt subject to reimbursement, or (2) even if the costs could be described as a community debt, it was appropriate for Regina to pay those costs because she was the party who primarily, if not exclusively, benefitted from them.

We note that Regina's recitation of the facts in her appellate brief appears to be at odds, in part, with the facts found by the trial court in its January 23, 2024 order. Specifically, although the trial court found that there was "no evidence of any agreement by the parties to rent the storage units," Regina explains in her appellate brief that "[Jonattan] wanted the items in storage. We needed two storages quickly, for the family necessities. He assisted financially, only in the initial stage of opening the storages, but

4

then refused to pay anything further." If Regina intends, by this statement, to challenge the trial court's factual finding that Jonattan did not agree to rent the storage units, Regina has not provided an adequate appellate record for us to evaluate that contention. No court reporter was present at the January 3, 2024 hearing at which the trial court heard testimony relating to the storage unit costs, and Regina has not obtained a settled statement describing the proceedings on January 3, 2024. (See Cal. Rules of Court, rule 8.137.)

" 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609), and when " ' "the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Ibid*.) Accordingly, if Regina intends to challenge the trial court's factual findings, she has defaulted on that issue because we do not have a record of the evidence presented regarding the storage unit costs at the January 3, 2024 hearing, and we are unable to evaluate whether the trial court's findings are supported by substantial evidence.

DISPOSITION

The January 23, 2024 order denying Regina's request for reimbursement for the cost of renting the storage units is affirmed.


IRION, J.

WE CONCUR:


McCONNELL, P. J.


CASTILLO, J.

6